# EXHIBIT A

ELECTRONICALLY FILED
8/18/2017 12:32 PM
20-CV-2017-900250.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>20<br>Date of Filing:  Judge Code:<br>08/18/2017 |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA**
**RANDY L TELLER v. SAVE-A-LOT FOOD STORES, INC.**

**First Plaintiff:** ☐ Business   ☑ Individual       **First Defendant:** ☑ Business   ☐ Individual
                    ☐ Government ☐ Other                                  ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING       A ☐ APPEAL FROM DISTRICT COURT       O ☐ OTHER
              R ☐ REMANDED              T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO     **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
MET012            8/18/2017 12:32:20 PM            /s/ JONATHAN BAIN METZ
                  Date                              Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES  ☐ NO  ☑ UNDECIDED

DOCUMENT 2
Case 3:17-cv-01614-UJH-VEH   Document 1-1   Filed 09/20/17   Page 3 of 20
ELECTRONICALLY FILED
8/18/2017 12:32 PM
20-CV-2017-900250.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

**IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA**

| | |
|---|---|
| **RANDY L. TELLER, an individual;** ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: _____ |
| ) | |
| ) | |
| **SAVE-A-LOT FOOD STORES, INC.,** ) | |
| a foreign corporation d/b/a ) | |
| **SAVE-A-LOT;** ) | |

No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain a safe condition at the premises in question in this lawsuit; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding conditions that were hazardous to Randy L. Teller and other invitees at the premises in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the location in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the materials used for travel by the persons at the premises in question and at issue in this lawsuit;  No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous condition to be present at the location in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Randy L. Teller;  No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the person in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the materials at the premises in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, Randy L. Teller, while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity  or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint;  No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit;  No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence;  No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the

**occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities which reinsured or provided excess coverage; No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 14, being that person, firm, partnership or corporation who contracted with any named Defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named Defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified Defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the location in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, Randy L. Teller, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.**

**Defendants.**                                         **)**
                                                        **)**

## COMPLAINT

1. Plaintiff, Randy L. Teller, is an individual resident citizen of Lauderdale County in the State of Alabama.

2. Defendant, Save-A-Lot Food Stores, Inc., is a foreign corporation doing business in the State of Alabama and the County of Colbert, with its principal place of business in Earth City, Missouri.

3. At the time and place made the basis of this lawsuit, and for some time prior thereto, the fictitious party Defendant are described as follows: **No. 1,** whether singular or plural, that entity or those entities who or which had the duty to maintain the safe condition of the walkway and/or ramp located on the Defendant's premises in Montgomery County, AL;

**No. 2,** whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding walkway conditions that were hazardous to Randy L. Teller and other patrons at the business in question in this lawsuit; **No. 3,** whether singular or plural, that entity or those entities who or which had a duty to inspect the walkway and/or ramp in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the premises used for travel by the store patrons at the business in question and at issue in this lawsuit; **No. 4,** whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous walkway conditions to be present on the premises in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Randy L. Teller; **No. 5,** whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the premises in question and at issue in this lawsuit; **No. 6,** whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the parking lot materials present on the premises in question and at issue in this lawsuit; **No. 7,** whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, Randy L. Teller, while at the premises involved in the occurrence made the basis of this suit; **No. 8,** whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; **No. 9,** whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time

of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; **No. 10,** whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; **No. 11,** whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; **No. 12,** whether singular or plural, that entity or those entities which reinsured or provided excess coverage; **No. 13,** whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 14,** being that person, firm, partnership or corporation who contracted with any named Defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; **No. 15,** being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; **No. 16,** being that person, firm, partnership or corporation who contracted to any named Defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; **No. 17,** being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified Defendant; **No. 18,** being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining and operating the premises in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and

- 4 -

damages to Plaintiff, Randy L. Teller, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.

4.   On or about the 1st day of July, 2016, Plaintiff was an invitee of the Defendant, Save-A-Lot Food Stores,, Inc., at their Muscle Shoals location, situated at 1306 Woodward Avenue, Muscle Shoals, Alabama, 35661, which is a Save-A-Lot store, owned and operated by Defendant, Save-A-Lot Food Stores, Inc., and/or one or more of the fictitious party Defendants listed and described hereinabove, when Plaintiff, Randy L. Teller, suffered injury while traversing the store, at which time he slipped on a substance on a section of floor, fell, and became injured.

5.   Defendant, Save-A-Lot Food Stores, Inc., and/or one or more of the fictitious party Defendants listed and described hereinabove, negligently, recklessly, and/or wantonly caused or allowed Plaintiff, Randy L. Teller, to suffer injuries and damages to her person by failing to keep and maintain its premises free and clear of potentially hazardous conditions of which they were aware or should have known through their inspection of the premises for said hazardous conditions. Defendant, Save-A-Lot Food Stores, Inc., and one or more of the fictitious party Defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous and/or dangerous condition, and were negligent and/or wanton in allowing or affirmatively creating a hazard of allowing the dangerous condition to be left and/or to remain on the premises in the path of invitees of the Defendant, Save-A-Lot Food Stores, Inc., and were

negligent and/or wanton in creating a hazard on the premises in the path of invitees of the Defendant, Save-A-Lot Food Stores, Inc.

6. As a proximate and direct result of Defendants' negligence and wrongful conduct as specifically set forth hereinafter, Plaintiff, Randy L. Teller, has been injured and damaged as follows:

 (a.)   Plaintiff suffered severe injuries to his person;

 (b.)   Plaintiff was caused and will be caused in the future to undergo medical treatment in and about an effort to cure and treat said injuries.

 (c.)   Plaintiff was caused to incur expenses for treatment from various doctors, physicians, and hospitals;

 (d.)   Plaintiff will continue to incur expenses for treatment from various doctors, physicians, and hospitals;

 (e.)   Plaintiff was caused and will continue to be caused to endure great pain and suffering;

 (f.)   Plaintiff was caused and will continue to be caused to suffer permanent injury that caused and will cause residual problems;

 (g.)   Plaintiff has been caused to be permanently injured;

 (h.)   Plaintiff has been caused to suffer mental anguish;

 (i.)   Plaintiff has caused to suffer aggravation and or exacerbation to then existing conditions that he either did or did not know of at the time; and

 (j.)   All other damages to which Plaintiff may be entitled.

## **COUNT I - NEGLIGENCE**

7. On or about the 1st day of July, 2016, Plaintiff was an invitee of the Defendant, Save-A-Lot Food Stores,, Inc., at their Muscle Shoals location, situated at 1306 Woodward Avenue, Muscle Shoals, Alabama, 35661, which is a Save-A-Lot store, owned and operated by Defendant, Save-A-Lot Food Stores, Inc., and/or one or more of the fictitious party Defendants listed and described hereinabove, when Plaintiff, Randy L. Teller, suffered injury while traversing the store, at which time he slipped on a substance on a section of floor, fell, and became injured.

8. Defendant, Save-A-Lot Food Stores, Inc., and one or more of the fictitious party Defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed Plaintiff to be injured by a foreign substance and failed to keep and maintain its premises to be free and clear of potentially hazardous conditions. Defendant, Save-A-Lot Food Stores, Inc. and one or more of the fictitious party Defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in affirmatively creating a hazard or not warning their patrons of said hazardous condition that was situated in a dangerous area and/or location inasmuch as it was located in an area that was regularly traveled by patrons or invitees. Further, Defendant, Save-A-Lot Food Stores, Inc., whether named herein or fictitiously described hereinabove, were negligent in failing to warn Plaintiff of this dangerous condition that existed on their premises and was a hazard to their invitees.

9. As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

- 7 -

WHEREFORE, premises considered, Plaintiff, Randy L. Teller, respectfully demands judgment against Defendant, Save-A-Lot Food Stores, Inc., and/or fictitious defendants, jointly and severally, for generally and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT II – RECKLESSNESS AND WANTONNESS

10. Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

11. Defendant, Save-A-Lot Food Stores, Inc., and one or more of the fictitious party Defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed Plaintiff to be injured by a hazardous condition on their premises and failed to keep and maintain its premises in a manner to be free and clear of potentially hazardous conditions and to warn its invitees of the aforementioned conditions.  Defendant, Save-A-Lot Food Stores, Inc., and one or more of the fictitious party Defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and/or were negligent and/or wanton in creating a hazard of a dangerous material in the in the path of invitees and were  negligent and/or wanton in affirmatively creating a hazard of allowing hazardous and dangerous conditions and/or materials to be placed or allowed to remain on a route regularly used by its invitees in a location that would likely lead to harm to its invitees due to the location of the hazard.

12. Defendant, Save-A-Lot Food Stores, Inc., and/or one or more of the fictitious party Defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed the hazard at issue in this lawsuit to be put into use, or did place or to remain in a regularly used area of travel in a location that was dangerous and likely to cause injury to its invitees and did cause injury to Plaintiff.

13. As a proximate and direct result of Defendant's wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

WHEREFORE, premises considered, Plaintiff, Randy L. Teller, respectfully demands judgment against Defendant, Save-A-Lot Food Stores, Inc., and/or fictitious defendants, jointly and severally, for generally and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT III – PREMISES LIABILITY

14. Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

15. Defendant, Save-A-Lot Food Stores, Inc., and/or one or more of the fictitious party Defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed dangerous materials and/or conditions to be placed or to remain upon the premises in an area that was used by its invitees.

16. At the aforesaid time and place, Defendant, Save-A-Lot Food Stores, Inc., and/or one or more of the fictitious party Defendants listed and described in the caption

hereinabove, were the owners or lessees or managers of the property and as such had a duty and responsibility to provide Plaintiff a safe place to use the premises. Further, if any defects in their owned or leased or managed premises existed, Defendant, Save-A-Lot Food Stores, Inc., as listed and described hereinabove had the duty to warn its patrons or invitees of hazards of which it knew or should have known that were not easily discoverable by the invitees. Said Defendant negligently, wantonly, recklessly and/or willfully breached these duties by failing to provide Plaintiff with a safe place to use the premises and by failing to warn her of the hazard and/or defect which he encountered which was known to them or which they negligently failed to detect in their use, operation and maintenance of and upon the premises. Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

17.     Defendant, Save-A-Lot Food Stores, Inc., and/or one or more of the fictitious party Defendants listed and described hereinabove, were owners or lessees of the property at issue and, as such, said Defendants had the right to and did control the conditions, methods and manner in which the premises was inspected, maintained and configured and the methods and schedule for cleaning, inspecting and maintaining said premises and for establishing patterns and routes for their invitees to ambulate and/or travel in or around and about the premises therein and about said premises at the time and place of the occurrence made the basis of Plaintiff's Complaint and negligently and/or wantonly caused or allowed Plaintiff to be injured as a result of the breach of the duties that the aforementioned Defendants owed to Plaintiff in causing or allowing the premises upon which Plaintiff was injured to be unreasonably dangerous and/or hazardous due to the dangerous materials and condition being present upon the premises and causing a hazard, either in and of itself or

in conjunction with the cleaning, maintenance or other procedures used upon the premises or through the schedule of said maintenance and/or inspection or lack of said scheduled maintenance and/or inspection. Said Defendants negligently, wantonly, recklessly and/or willfully failed to properly control the conditions, methods and manner in which the premises were maintained and presented to the invitees for their use in ambulating and/or traveling in or about the premises to use and said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

18. Plaintiff avers that Defendants, whether named herein or fictitiously described in the caption hereinabove, negligently, wantonly, recklessly, purposely, intentionally, willfully or by design caused injury to Plaintiff. Defendant, Save-A-Lot Food Stores, Inc., and/or one or more of the fictitious party Defendants listed and described in the caption hereinabove, negligently, wantonly, recklessly and/or willfully caused or allowed the dangerous materials to remain in a main travel area and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and said Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

19. At the aforesaid time and place, Defendant, Save-A-Lot Food Stores, Inc., and/or one or more of the fictitious party Defendants listed and described in the caption hereinabove, did negligently, wantonly, and/or willfully cause or negligently, wantonly and/or willfully allow Plaintiff to be injured.

20. Defendant, Save-A-Lot Food Stores, Inc., and/or one or more of the fictitious party Defendants listed and described in the caption hereinafter, negligently, wantonly and/or

willfully failed to warn Plaintiff of the dangers associated with the potentially hazardous area for the purpose of eliminating the possibility of said Plaintiff being injured, and said negligent, wanton and/or willful conduct was a proximate cause of Plaintiff's injuries as described herein.

21. Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent, willful and/or wanton conduct and other wrongful conduct of Defendant, Save-A-Lot Food Stores, Inc., and/or the fictitious party Defendants listed and described hereinabove.

22. The aforesaid wrongful, negligent, willful and/or wanton conduct of each of the above-described Defendants, including the fictitious party Defendants, combined and concurred, and as a proximate cause thereof, Plaintiff was caused to be severely injured.

23. As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

WHEREFORE, premises considered, Plaintiff, Randy L. Teller, respectfully demands judgment against Defendant, The Fresh Market, Inc., and/or fictitious defendants, jointly and severally, for generally and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## **COUNT IV – RESPONDEAT SUPERIOR AND AGENCY**

24. Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

25. Plaintiff avers and alleges that Defendant, Fictitious Defendant No. 9, and/or other fictitious defendants, was the agent and employee of Defendant, Save-A-Lot Food Stores, Inc., and consequently, Defendant, Save-A-Lot Food Stores, Inc., and/or fictitious defendants, are liable for any negligent and/or wanton acts committed by Defendant, Fictitious Defendant No. 9, and/or other fictitious defendants, while he was acting within the line and scope of his or her employment.

26. Defendant, Fictitious Defendant No. 9, and/or other fictitious defendants, negligently, wantonly, recklessly and/or willfully caused or allowed the dangerous materials to remain in a main travel area and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and said Defendant had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendant.

27. At the aforesaid time and place, Defendant, Fictitious Defendant No. 9, and/or one or more of the fictitious party Defendants listed and described in the caption hereinabove, did negligently, wantonly, and/or willfully cause or negligently, wantonly and/or willfully allow Plaintiff to be injured

28. Defendant, Fictitious Defendant No. 9, was acting within the line and scope of his or her employment on the occasion made the basis of this lawsuit.

29. As a proximate consequence of the negligence and/or wantonness of Defendant, Fictitious Defendant No. 9, Defendant, Save-A-Lot Food Stores, Inc., and/or fictitious defendants, are liable to Plaintiff for the damages set forth in paragraph six (6) above under the theories of respondeat superior and agency.

WHEREFORE, premises considered, Plaintiff, Randy L. Teller, respectfully demands judgment against Defendant, Save-A-Lot Food Stores, Inc., and/or fictitious defendants, jointly and severally, for generally and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## **COUNT V – NELIGENT HIRING, TRAINING, AND SUPERVISION**

30. Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

31. Defendants, Save-A-Lot Food Stores, Inc., and one or more of the fictitious party defendants listed and described hereinabove, were under an obligation and duty to train employees of Defendant, Save-A-Lot Food Stores, Inc., Inc. and other employees to make sure that there are not hazards present so as not to cause any unreasonable dangers for invitees of the premises.

32. Defendant, Save-A-Lot Food Stores, Inc., and one or more of the fictitious party defendants listed and described hereinabove, were under an obligation and duty to train and supervise store employees to properly inspect the commercial areas or areas accessible to their patrons or invitees so that there are no dangerous conditions not readily discoverable to their invitees.

33. Defendants negligently, wantonly, and recklessly failed to properly train employees to inspect and to keep the store area free and clear of dangerous conditions. Defendant's failure to properly train its employees directly resulted in Plaintiff's injuries as described herein.

34. As a proximate and direct result of Defendant's wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

WHEREFORE, premises considered, Plaintiff, Randy L. Teller, respectfully demands judgment against Defendant, Save-A-Lot Food Stores, Inc., and/or fictitious defendants, jointly and severally, for generally and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

Respectfully Submitted,

/s/ Jonathan B. Metz
**Jonathan B. Metz (MET012)**
**Attorney for Plaintiff**

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 983-8121- Phone
(205) 983-8421- Facsimile
jmetz@asilpc.com- Email

**PLAINTIFF'S ADDRESS:**

Randy L. Teller
c/o Jonathan B. Metz
3626 Clairmont Avenue
Birmingham, AL 35222



AlaFile E-Notice

20-CV-2017-900250.00

To: JONATHAN BAIN METZ
jmetz@asilpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

RANDY L TELLER V. SAVE-A-LOT FOOD STORES, INC.
20-CV-2017-900250.00

The following complaint was FILED on 8/18/2017 12:32:34 PM

Notice Date:    8/18/2017 12:32:34 PM

NANCY L. HEARN
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8513



AlaFile E-Notice

20-CV-2017-900250.00

To: SAVE-A-LOT FOOD STORES, INC.
1306 WOODWARD AVENUE
MUSCLE SHOALS, AL, 35661

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

RANDY L TELLER V. SAVE-A-LOT FOOD STORES, INC.
20-CV-2017-900250.00

The following complaint was FILED on 8/18/2017 12:32:34 PM

Notice Date:      8/18/2017 12:32:34 PM

NANCY L. HEARN
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8513

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>20-CV-2017-900250.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA**
**RANDY L TELLER V. SAVE-A-LOT FOOD STORES, INC.**

**NOTICE TO:** SAVE-A-LOT FOOD STORES, INC., 1306 WOODWARD AVENUE, MUSCLE SHOALS, AL 35661

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JONATHAN BAIN METZ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3626 CLAIRMONT AVENUE, BIRMINGHAM, AL 35222.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____ pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

8/18/2017 12:32:34 PM          /s/ NANCY L. HEARN          By: _____
*(Date)*                        *(Signature of Clerk)*          *(Name)*

☐ Certified Mail is hereby requested.
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County, Alabama on _____.

*(Name of Person Served)*     *(Name of County)*     *(Date)*

_____          _____          _____
*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

                                    _____          _____
                                    *(Server's Printed Name)*          *(Phone Number of Server)*